**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LAVERN BERRYHILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. CIV-14-1000-W** |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Lee R. West has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for reasons set forth herein, it is recommended that the action be **DISMISSED** upon filing for lack of jurisdiction.

## I. BACKGROUND

By this action, Petitioner challenges his 1990 convictions in the District Court of Oklahoma County on two counts of larceny of a retailer, after prior conviction of two or more felonies. Case Nos. CF-1990-1250, CF-1990-1614 (alleging violation of Okla. Stat. tit. 21, § 1731). Petitioner is a litigant well known to this Court. *See* ECF No. 3 (listing thirty-seven previous cases as of the date of the filing of this action.). Some of his previous cases are civil rights actions, and others are habeas actions brought under

various statutes. With regard to his civil rights actions, Plaintiff is a "three-strikes" prisoner litigant under 28 U.S.C. § 1915(g). Thus, absent a showing of imminent danger of serious *physical* injury, Plaintiff has lost the privilege of proceeding *in forma pauperis*. *See e.g. Berryhill v. Okla. Dep't of Corr.,* No. CIV–12–279–W, 2012 WL 1391939 (W.D. Okla. Mar. 27, 2012).

Petitioner is also subject to filing restrictions with regard to his many habeas challenges to the same 1990 convictions. In 2006, the Tenth Circuit Court of Appeals noted the following with regard to requests for authorization to file second or successive habeas challenges to these convictions:

> In the ten years since the district court entered its final habeas judgment in this case, the case has come before us six times. We previously found it necessary to sanction Mr. Berryhill for filing successive applications to file second or successive petitions.
>
> ...
>
> After Mr. Berryhill's fourth request for authorization we imposed the following sanction: "any further applications filed by Mr. Berryhill for leave to file additional collateral attacks on his 1990 Oklahoma convictions for larceny will be deemed denied on the thirtieth day unless this court otherwise orders."

*Berryhill v. Evans*, 466 F.3d 934, 936 (10th Cir. 2006).

## II. SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Rule 4, Rules Governing Section 2254 Cases. Likewise, courts

are obliged to examine their jurisdiction *sua sponte* and dismiss any action where it is lacking. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by ... a court on its own initiative [ ] at any stage in the litigation ...." (internal citation omitted)); *Hardiman v. Reynolds,* 971 F.2d 500, 502 (10th Cir. 1992) (noting that "a court must raise a defense sua sponte if that defense implicates the court's subject matter jurisdiction."); *Berryhill v. Evans,* 466 F.3d 934, 938 (10th Cir. 2006) (Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction.").

The undersigned's initial review of the petition shows that it is second and successive to the above-referenced previous federal petition and that Petitioner has not obtained authorization to file a second petition as required by 28 U.S.C. § 2244(b)(3)(A). Thus, this Court is without jurisdiction to consider it. Furthermore, for the reasons stated below, the undersigned finds that the action should be dismissed rather than transferred to the Tenth Circuit Court of Appeals.

### III. SECOND AND SUCCESSIVE PETITIONS

Section 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 by providing that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This statutory requirement for prior

authorization is jurisdictional. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Pease v. Klinger,* 115 F.3d 763, 764 (10th Cir. 1997) (per curiam) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

Petitioner has neither alleged nor demonstrated that he sought or received prior authorization from the Tenth Circuit Court of Appeals necessary for consideration of the instant petition for federal habeas relief which challenges the convictions listed above. In such a situation, the district court may either transfer the action to the Tenth Circuit Court of Appeals pursuant to § 1631 for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).

Here, the undersigned finds that the interest of justice does not require transfer of this action to the Tenth Circuit Court of Appeals and that it should instead be dismissed. The three primary considerations governing a court's decision to transfer rather than dismiss are (1) whether the action was filed in good faith in the wrong court, (2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions, and (3) whether the claims are likely to have merit. *See In re Cline,* 531 F.3d at 1251.

The first consideration obviously does not support transfer—Mr. Berryhill's pattern of abusive filing and the court's response to those filings make it beyond peradventure that this action was brought in good faith.

Second, it does not appear that a dismissal will make it any more difficult for Petitioner to comply with the applicable limitations period because the petition-which challenges a conviction that was final in 1990—has long been barred by the period of limitations.

Finally, a "peek at the merits" reveals the rambling, and for the most part, incoherent allegations the Court has come to expect from Mr. Berryhill. Where there is "no risk" that a meritorious second claim will be lost, the Court does not abuse its discretion to dismiss rather than transfer. *In re Cline,* 531 F.3d at 1252. Accordingly, it is recommended that the petition be dismissed for lack of jurisdiction due to Petitioner's failure to obtain an order authorizing the district court to consider his second or successive petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for lack of jurisdiction. Further, Petitioner's motion to appear in forma pauperis, **ECF No. 2**, is recommended **DENIED** as **MOOT.**

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **October 9, 2014**. Petitioner is

further advised that failure to make timely objection to this Report and Recommendation will constitute waiver of his right to appellate review. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on September 22, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE