

IN THE UNITED STATES DISTRICT COURT FOR

FILED

OCT 1 7 2014

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

THE WESTERN DISTRICT OF OKLAHOMA

LAVERN BERRYHILL,                )
                                 )
           Petitioner,           )
                                 )
vs.                              )          No. CIV-14-1000-W
                                 )
ANITA TRAMMELL, Warden,          )
                                 )
           Respondent.           )

## ORDER

On September 22, 2014, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Lavern Berryhill pursuant to title 28, section 2254 of the United States Code be dismissed without prejudice for lack of jurisdiction. Berryhill, proceeding pro se, was advised of his right to object, see Doc. 6, and he has responded with documents in support of his requests for a conditional writ and recusal of the undersigned—requests that the Court finds are unfounded and undeserving of further discussion.

The Court further finds upon de novo review of the record that dismissal of Berryhill's Petition is warranted as suggested by Magistrate Judge Erwin. Berryhill is a prolific filer, and in the instant Petition, he has again challenged his state court convictions.[1]

---

[1] Berryhill was convicted in 1990 in the District Court of Oklahoma County, Oklahoma, of two counts of larceny of merchandise from a retailer, after prior conviction of two or more felonies. State v. Berryhill, No. CF-1990-1250; No. CF-1990-1614. He was sentenced to twenty years on each count, to be served consecutively. The Oklahoma Court of Criminal Appeals affirmed his convictions. Berryhill v. State, No. F-1991-918.

The United States Court of Appeals for the Tenth Circuit has held in such situations that "[w]hen a . . . successive [section] 2254 . . . claim is filed in the district court without . . . authorization from . . . [the appellate] court, the district court may transfer the matter to th[e] [appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)(per curiam)(citations omitted).  The Tenth Circuit has further ruled that "[w]here there is no risk that a meritorious successive [section 2254] claim will be lost absent a . . . transfer, a district court does not abuse its discretion if it concludes that it is not in the interest of justice to transfer the matter to th[e] [appellate] court for authorization," id. (citation omitted), and instead dismisses the action.

Berryhill has not sought the required authorization, and because no meritorious claim will be lost absent transfer, the Court finds in its discretion that it would not further the interest of justice to transfer the matter to the Tenth Circuit.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 6] filed on September 22, 2014;

(2) DISMISSES Berryhill's Petition [Doc. 1] without prejudice for lack of jurisdiction;

(3) deems MOOT Berryhill's Motion for Leave to Proceed in Forma Pauperis [Doc. 2] file-stamped September 15, 2014;

(4) DENIES Berryhill's Motion [Doc. 7] file-stamped October 3, 2014;

(5) ADVISES Berryhill that all future papers, including correspondence, other than those papers necessary to perfect an appeal in this matter, that are submitted by him in

2

connection with this action will not be filed of record by the Clerk of the Court, but will instead be returned to him by the Clerk; and

(6) REMINDS Berryhill that he is subject to the filing restrictions imposed by the Court on October 8, 2014, in Case No. 14-1069-W (Doc. 5).

ENTERED this _1·7th_ day of October, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE